UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM FLORES,

    Petitioner,

v.                                                  CASE NO:  8:06-CV-1756-T-30TGW

SECRETARY, DEPARTMENT OF
CORRECTIONS and ATTORNEY
GENERAL, STATE OF FLORIDA,

    Respondents.
_____/

## ORDER

Petitioner, an inmate in the Florida penal system proceeding *pro se*, brings this Petition for Writ of Habeas Corpus (hereafter "petition") pursuant to 28 U.S.C. § 2254 (Dkt. 1). The Court has considered the petition and accompanying memorandum in support (Dkt. 2), the Government's response (Dkt. 12) and Petitioner's reply (Dkt. 14). Upon review, the Court determines that the petition must be denied.

## BACKGROUND

Petitioner, William Flores (hereinafter referred to as "Flores" or "Petitioner") was found guilty of Second Degree Murder with a Firearm on March, 31, 1999, after a trial by jury in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida (Dkt. 12, Exh. 032, V. I at 99). A notice of appeal was filed on May 17, 1999, to the Second District Court of Appeal (Id. Exh. 001). The Second District Court of Appeal

affirmed the conviction on July 6, 2001. Dkt. 12, Exh. 004; see Flores v. State of Florida, 798 So. 2d 732 (2001). The mandate was issued on September 14, 2001 (Dkt. 12, Exh. 007).

On August 14, 2002, Petitioner filed for Post-Conviction Relief pursuant to Fla. R. Crim. P. 3.850 (Id. Exh. 008), which was denied after a hearing on November, 17, 2004 (Id. Exh. 013). Petitioner filed a notice of appeal on December 3, 2004 (Id. Exh. 014). On August 12, 2005, the Second District Court of Appeal affirmed per curiam. Dkt. 12, Exh. 018; see Flores v. State of Florida, 2005 Fla. App. LEXIS 12607 (Fla. Dist. Ct. App. 2d Dist. Aug. 12, 2005). The motion for rehearing was denied on October 19, 2005 (Dkt. 12, Exh. 020), and the mandate was issued on January 9, 2006 (Id. Exh. 021).

On September 3, 2005, Petitioner filed a Motion to Correct Sentence with the trial court pursuant to Fla. R. Crim. P. 3.800 (Id. Exh. 022). The trial court filed its Order Denying Motion to Correct Sentence on September 28, 2005 (Id. Exh. 023). On May 19, 2006, Petitioner filed his notice of appeal (Id. Exh. 026). On September 6, 2006, the Second District Court of Appeal affirmed per curiam. Dkt. 12, Exh. 028; see Flores v. State of Florida, 937 So. 2d 1105 (2006). The mandate was issued on September 9, 2006 (Dkt. 12, Exh. 029).

On October 21, 2005, Petitioner filed a petition for Writ of Habeas Corpus to the Second District Court of Appeal alleging ineffective assistance of counsel (Id. Exh. 030). On November 17, 2005, the Second District Court of Appeal denied the petition (Id. Exh. 031).

On September 22, 2006, Petitioner filed this timely[1] Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 (Dkt. 1), raising the following eight (8) grounds:

**Ground One:** The State courts unreasonably applied clearly established federal law as established by the U.S. Supreme Court in denying Petitioner's Brady and Giglio claims, and Petitioner is in custody in violation of the Sixth and Fourteenth Amendments to the United States Constitution.

**Ground Two:** Petitioner's conviction was obtained in violation of the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution, where the State use of peremptory strikes was discriminatory and the State's explanation was pretextual.

**Ground Three:** Petitioner was denied effective assistance of counsel where counsel failed to obtain an independent evaluation of ballistic evidence, and failed to specifically object to the scientific reliability of the State's expert testimony.

**Ground Four:** Petitioner was convicted in violation of the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution where crucial evidence, obtained as a result of illegally obtained statements of Petitioner, was admitted over objection at trial, and where such evidence would not have been inevitably discovered.

**Ground Five:** Petitioner's conviction was obtained in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution, where Petitioner's counsel failed to argue the evidence was insufficient to refute Petitioner's claim of innocence and in totality cast sufficient doubt on his guilt.

**Ground Six:** Petitioner was deprived of due process when the State Court denied request to interview jurors post-trial, notwithstanding Petitioner's presentation of evidence, which came to light after trial, that there was

---

[1] For purposes of § 2254, Petitioner's conviction became final ninety (90) days after the decision of his direct appeal, on October 4, 2001. Three-hundred and fourteen days (314) passed before the statute of limitations was tolled for the filing of his Post-Conviction relief. Because that motion and Petitioner's motion for Corrected Sentence were pending at the same time, the statute of limitations did not resume until the mandate denying the motion for Corrected Sentence was issued on September 9, 2006. Nine (9) more days passed before Petitioner filed this motion, thus, only three-hundred and twenty-three days (323) had run in total.

                ex-parte contact with the jury by a third party who was a friend of the victim.

**Ground Seven:**    Petitioner's sentence constitutes a violation of the double jeopardy clause of the Fifth Amendment to the U.S. Constitution.

**Ground Eight:**    The Petitioner was denied a fair jury trial and due process of law as a result of the cumulative errors and omissions due to ineffective assistance of counsel, contrary to the principles and protections of the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution.

## **STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 2254, "a district court shall entertain an application for writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (2006). Additionally, an application will not be granted unless "it appears that the applicant has exhausted the remedies available in the courts of the State." Id. at § 2254(b). The U.S. Supreme Court has held that:

> a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance. A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion.

Coleman v. Thompson, 501 U.S. 722, 732 (U.S. 1991).

If a State court has initially considered the issues raised in the petition and already entered a decision on the merits, 28 U.S.C. § 2254(d) governs the review of such claims. See Perry v. Johnson, 532 U.S. 782, 792 (2001). In such cases, habeas relief may not be granted with respect to a claim adjudicated on the merits in State court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Additionally, a State court's factual finding is presumed to be correct, and a petitioner must rebut this presumption by clear and convincing evidence. Id. at § 2254(e)(1).

## DISCUSSION

Petitioner's first ground for relief alleges that the testimony of witness Tony Chillura was motivated by the prosecution's promise of a reduced sentence which was kept secret from the jury. Because this allegation is directly contradicted by the trial record, it has no merit. The suppression of evidence favorable to the accused is itself sufficient to amount to a denial of due process. Brady v. Maryland, 373 U.S. 83 (1963). Further, the prosecution's failure to disclose the promise of leniency to a witness is a material issue, the suppression of which violates due process and warrants a new trial. Giglio v. United States, 405 U.S. 150 (1972).

The trial court made a finding of fact that witness Tony Chillura was only promised the possibility of a transfer to a prison facility closer to his family, and that the State had no knowledge that the witness' attorney was planning on filing a motion to mitigate his sentence (Dkt. 12, Exh. 013 at 453-457). Further, the trial court found that there was no evidence showing a promise by the prosecution to reduce Mr. Chillura's prison sentence in exchange

for his testimony. Id.  Therefore, the trial court's rejection of Petitioner's alleged Brady and Giglio violations were fully supported by the evidence.  Petitioner has failed to show the State court's decision was unreasonable application of Federal law, or unreasonable determination in light of the facts presented. Therefore, Petitioner is not entitled to relief on Ground One.

Petitioner's second ground for relief, that the systematic exclusion of Hispanic potential jurors resulted in a conviction in violation of the Equal Protection Clause, is also without merit.  It is unclear whether Petitioner is claiming error by the trial court for allowing the two Hispanic jurors to be excluded, or whether this ground is based upon a due process challenge to the composition of the entire pool of potential jurors as a result of the established procedure (See Dkt. 1).

"A defendant may establish a prima facie case of purposeful discrimination in selection of the petit jury solely on evidence concerning the prosecutor's exercise of peremptory challenges at the defendant's trial." Batson v. Kentucky, 106 S. Ct. 1712, 1723 (U.S. 1986).  Once a prima facie case of discrimination has been shown, the burden shifts to the prosecution to "articulate a neutral explanation related to the particular case to be tried."  Id. at 1724.  Furthermore, a finding of intentional discrimination by the trial court is a finding of fact, which is entitled to great deference.  See Anderson v. Bessemer City, 470 U.S. 564, 574 (U.S. 1985).

In the present case, Petitioner's trial counsel objected to the exclusion of the two Hispanic potential jurors (Dkt. 12, Exh. 032 at 73). However, the prosecution provided race-neutral reasons for both of the potential jurors, and the trial judge overruled the objection. Id. at 74-75.  To overrule the objection, the trial judge must have determined that the race neutral reason given as to each juror was legitimate. This finding is binding on this Court if reasonably based on the evidence. Here, the record shows that potential juror Ivan Garcia indicated that he did not want to be present at the trial because he had an upcoming surgery. Id. at 75-76. The trial judge found that the reason for excluding Mr. Garcia was "genuine," before allowing the challenge to stand. Id. at 77. While it is unclear what exactly potential juror Jose Galindez did to cause the prosecution to claim he had problems with premeditation, the prosecuting attorney, the defense attorney, and the trial judge all witnessed the voir dire proceedings first hand, and all accepted as fact that Mr. Galindez had an initial problem with the issue of premeditation. See id. at 31-35, 74-75.  The prosecutor said he struck Mr. Galindez because the prosecutor thought Mr. Galindez would continue to have a problem with the issue. Id.  The trial court determined this reason was legitimate and race neutral. Id.  Because the Court sees no reason to upset the trial court's finding regarding this issue, he is not entitled to relief under Ground Two.

If Ground Two was based on a substantive due process challenge to the composition of the entire jury pool, it still lacks merit. In order to prove a violation of the fair cross-section requirement ensured by the due process clause, Petitioner must prove:

    (1)    that the group alleged to be excluded is a "distinctive" group in the community;

    (2)    that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and

    (3)    that this under-representation is due to systematic exclusion of the group in the jury-selection process.

Birt v. Montgomery, 725 F.2d 587, 606-07 (1979). Petitioner has based this claim upon the exclusion of two Hispanic potential jurors during his jury selection process over objections from counsel (Dkt. 1, Exh. 032, Vol. I, 73-75). Because Petitioner has not produced any evidence showing the entire system resulted in under-representation of Hispanics, this claim is unfounded.

Ground Three of Petitioner's claim is that Petitioner was denied effective assistance of counsel where counsel failed to obtain an independent evaluation of ballistic evidence, and failed to specifically object to the scientific reliability of the State's expert testimony. The two-prong test to determine the validity of an ineffective assistance of counsel claim requires a showing of (1) deficient performance by counsel, and (2) prejudice against the defendant as a result of such deficient performance. Strickland v. Washington, 466 U.S. 668, 687 (1984). Additionally, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." Id. at 690.

In the present case, Petitioner contends that counsel's failure to challenge the ballistic evidence offered by the prosecution shows a deficient performance by counsel. (See Dkt. 1). The State court addressed the merits of this argument at the evidentiary hearing, and denied the argument (Dkt. 12, Exh. 013 at 10-24). The trial court found that the expert had used an accepted scientific technique governed by objective standards. Id. at 22. Further, the trial court made a finding of fact that defense counsel made a strategic decision not to object to the testimony because he was, "convinced that was the weapon used in the case and certainly didn't want another expert confirming that . . . ." Id. Petitioner has failed to overcome the presumption of correctness, nor has he proven that the State court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law . . . or resulted in a decision that was based on a unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Therefore, Ground Three is without merit.

Ground Four of the petition claims that crucial evidence obtained as a result of illegally obtained statements of Petitioner was admitted over objections at trial, and that such evidence would not have been inevitably discovered. This claim that Petitioner was convicted in violation of the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution is unavailing. "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure

was introduced at his trial." Stone v. Powell, 428 U.S. 465, 494 (1976). Petitioner's argument that the alleged murder weapon would not have been inevitably discovered without his illegally obtained statements was already heard and denied on direct appeal (Dkt. 12, Exh. 002 at 17; Exh. 004). Because this claim was adjudicated on the merits in State court, and Petitioner has failed to prove why he is entitled to either of the previously discussed exceptions under § 2254(d), he is not entitled to relief on Ground Four.

Petitioner argues in Ground Five that his incarceration is in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution because the evidence was insufficient to sustain a guilty conviction. After a close examination, this claim is futile. While the sufficiency of the evidence is a state question, "Petitioner's claim of innocence is procedural, rather than substantive," and is based upon ineffective assistance of counsel due to the failure to raise an objection to the insufficiency of the evidence, or raise the issue in post-trial motions (Dkt. 2 at 38-39). The merits of the ineffective assistance of counsel claim need not be addressed because of Petitioner's failure to raise these issues on appeal (See Dkt. 14, Exh. A-C). Therefore, Petitioner's claim of ineffective assistance of counsel was not sufficiently exhausted in State court, and is procedurally barred under § 2254. Even if this claim were not procedurally barred, Petitioner has failed to produce evidence strong enough to overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v. Washington, 466 U.S. 668, 694 (1984). And, contrary to Petitioner's assertion, the evidence at trial was sufficient to support the

conviction. Most significantly, a witness, Todd Childers, was present at the shooting, and testified against Petitioner.

In Ground Six, Petitioner argues he is entitled to an evidentiary hearing regarding his claim that ex parte contact between a member of the victim's party and jury members violated his due process right to an impartial jury. Contrary to Petitioner's argument of being held in violation of the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution, his claim does not overcome the wide discretion afforded a trial judge's determination over whether the jury has been prejudiced.

A trial judge must balance, "the need to make a sufficient inquiry against concern that the inquiry not create prejudicial effects by unduly magnifying the importance of an insignificant occurrence." United States v. Butler, 822 F.2d 1191, 1196 (1987). Further, the choice of procedure to conduct such inquiry is afforded broad discretion. Id. "The trial judge's ensuring determination that the jury had not been soured deserves great respect: such a determination should not be disturbed in the absence of a patent abuse of discretion." U.S. Hunnewell, 891 F.2d 955, 961 (1989).

In the present case, the trial judge denied the motion for post-trial interview of jurors regarding the alleged ex parte contact because the defense failed to provide substantial information regarding what was said to the jurors, and how they were influenced (Dkt. 12, Exh. 032, Vol. VI at 740). Because the defense could not even identify exactly who spoke to the jurors, or if anything regarding the trial was said, it was not a "patent abuse of discretion" to deny the motion to interview the jury. See id. Therefore, Petitioner is not

entitled to relief on Ground Six.

Ground Seven of Petitioner's motion claims his sentence was obtained in violation of the double jeopardy clause of the Fifth Amendment to the U.S. Constitution. Even if this claim could be heard under § 2254, it lacks merit. The U.S. Supreme Court has held that the protections against double jeopardy provided by the Fifth Amendment do not extend to sentencing proceedings. Monge v. California, 524 U.S. 721, 724 (1998). In addition, the Eleventh Circuit Court of Appeals has held that:

> "[i]n the area of state sentencing guidelines in particular, we consistently have held that federal courts can not review a state's alleged failure to adhere to its own sentencing procedures. This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is 'couched in terms of equal protection and due process.'"

Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988).

Finally, because this claim has been adjudicated on the merits in a State court proceeding, and the claim does not fall under any of the exceptions to § 2254(d), even if this was a proper issue for the Court to address, it would be denied.

Ground Eight of Petitioner's motion alleges ineffective assistance of counsel due to "cumulative errors and omissions." (Dkt. 1). Because this cumulative ineffective assistance of counsel claim was never raised in state court, it is unexhausted, and therefore not subject to review pursuant to § 2254. Accordingly, Petitioner's motion should be denied in its entirety.

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. 1) is DENIED.

2. The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

**DONE** and **ORDERED** in Tampa, Florida on July 30, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

F:\Docs\2006\06-cv-1756.deny 2254.wpd